**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory R. Sullivan, | No. CV-19-04680-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Nationwide Insurance Company of America, et al., | |
| Defendants. | |
| Nationwide Insurance Company of America | |
| Counter Claimant, | |
| v. | |
| Gregory R. Sullivan | |
| Counter Defendant. | |

Pending before the Court is Plaintiff/Counter Defendant Gregory R Sullivan's motion seeking reconsideration of the Clerk's Office's July 24, 2019 minute order taking no action on Sullivan's application for entry of default due to Defendant/Counter Claimant Nationwide Insurance Company of America ("Nationwide") having already filed an answer (Doc. 13.)

Sullivan asserts Nationwide's answer was untimely pursuant to Rule 12 of the Federal Rules of Civil Procedure. (Doc. 13 at 1.) In fact, Nationwide's answer was timely pursuant to Rule 81(c)(2), which governs civil actions after removal from state

court: "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of . . . (A) 21 days after receiving . . . a copy of the initial pleading . . . , (B) 21 days after being served with the summons for [the initial pleading], or (C) 7 days after the filing of the notice of removal is filed." Nationwide filed its answer (Doc. 6) on July 17, 2019, exactly 7 days after filing the notice of removal (Doc. 1.) Thus, the answer was timely filed. *See e.g.*, *Cariaga v. Bank of Am.*, 2011 WL 13233680, *2 (D. Haw. 2011).

Moreover, pursuant to Rule 55(a), a party is subject to default only when the party has "failed to plead or otherwise defend." As such, a default will not be entered after a party files an answer—even a late-filed answer. *See e.g.*, *Gardner v. Health Net, Inc.*, 2011 WL 13269707, *2 (C.D. Cal. 2011). Thus, even if Nationwide's answer had been untimely (which it was not), default could not be entered because the answer was filed *before* Sullivan sought default.

Accordingly,

**IT IS ORDERED** that Sullivan's motion for reconsideration (Doc. 13) is **denied**.

Dated this 1st day of August, 2019.

_____
Dominic W. Lanza
United States District Judge

- 2 -