**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory R. Sullivan, | No. CV-19-04680-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Nationwide Insurance Company of America, et al., | |
| Defendants. | |

Pending before the Court are three motions filed by pro se Plaintiff Gregory Sullivan: a motion to remand (Doc. 9), a motion to allow electronic filing (Doc. 21), and a motion to rule on previously filed motions (Doc. 23).

Plaintiff filed the motion to remand on July 22, 2019, and Defendant Nationwide Insurance Company of America ("Nationwide") filed a response on August 2, 2019. (Doc. 15.) Under LRCiv 7.2(d), Plaintiff had the option of filing a reply by August 9, 2019. Plaintiff failed to do so,[1] and the motion became ripe on the following business day, August 12, 2019. Ten days after the motion to remand became ripe, Plaintiff filed a motion to allow electronic filing and a motion to rule on the pending motions. (Doc. 23.)

The Court has many cases pending before it and many motions on which to rule. Careful consideration and resolution of pending motions requires review of the briefs, research of the legal issues, contemplation, and precise drafting. All of this takes time.

---

[1] Perhaps the "Response to the Declaration of Mark E. Hartman of Opposition for Remand Motion to Remand and Vacate Mandatory Initial Discorvery [sic] Pilot Project" (Doc. 17) was intended to be the reply, but it was not titled or docketed as such.

The Court has inherent power to control its docket. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). The Court is mindful of the need "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, and strives to handle all matters with both wisdom and expediency. Although the Court understands that waiting for rulings is frustrating, litigants are expected to exercise reasonable patience before filing motions for rulings. Ten days is too soon.

Nevertheless, the Court will address the motion to remand now because it can be easily and quickly resolved.

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). A corporation, whether incorporated in a state of the United States or in a foreign country, is "deemed a citizen of its place of incorporation and the location of its principal place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).

The Notice of Removal states that "Defendant Nationwide is a Wisconsin company with its principal place of business in Ohio" (Doc. 1 ¶ 2), and indeed, the Complaint alleges that Nationwide's "principal place of business is [in] Ohio" (Doc. 1-3 ¶ 2). The motion to remand does not assert otherwise. The Notice of Removal states that Plaintiff is a "resident" of Arizona (Doc. 1 ¶ 2), which is insufficient to establish citizenship for diversity purposes, *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 858-59 (9th Cir. 2001), but the Complaint affirmatively alleges that Plaintiff is a "citizen" of Arizona (Doc. 1-3 ¶ 1). Thus, the parties are diverse. And the motion to remand confirms that "Plaintiff seeks compensatory damages of $250,000," so the amount-in-controversy requirement is met. The motion to remand will be denied.

Next, the Court will deny the motion to allow pro se electronic filing. Electronic filing requires parties to code their filing so that they are properly docketed electronically.

Docketing requires legal training which Plaintiff does not possess. When electronically filed documents are not properly docketed, they are not easily retrievable by the Court on its case management reports.

Plaintiff seems to believe there are two other pending "motions" awaiting rulings, but one appears to be the August 1, 2019 motion for reconsideration (Doc. 13), which the Court denied on August 2, 2019 (Doc. 14), and the other appears to be the "Response to the Declaration of Mark E. Hartman of Opposition for Remand Motion to Remand and Vacate Mandatory Initial Discorvery [sic] Pilot Project" (Doc. 17), which is not a motion.

Accordingly,

**IT IS ORDERED** that the motion to remand (Doc. 9) is **denied**, the motion to allow electronic filing (Doc. 21) is **denied**, and the motion to rule on previously filed motions (Doc. 23) is **granted in part and denied in part**.

Dated this 23rd day of August, 2019.

Dominic W. Lanza
United States District Judge